```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

LUDEMA CRUZ DORWARD,

              Plaintiff,

vs.                               Case No. 2:10-cv-669-FtM-29DNF

MACY'S INC., doing business as
Macy's Florida Stores, LLC,

              Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Amended Motion to Vacate and/or Modify Arbitration Award (Doc. #45) filed on December 12, 2012.[1]  Defendant filed a Response (Doc. #46) on December 28, 2012.  On February 28, 2013, plaintiff filed a Reply (Doc. #51).  For the reasons set forth below, the motion is denied.

**I.**

On November 8, 2010, plaintiff Ludema Cruz Dorward (Dorward) filed a Complaint (Doc. #1) against defendant Macy's Inc., doing business as Macy's Florida Stores, LLC (Macy's) alleging national origin and race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000(e), et seq.  On July 20, 2011, the Court issued an Order (Doc. #38) compelling arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (FAA).  A

---

[1] Plaintiff's Amended Motion moots Plaintiff's Motion to Vacate and/or Modify Arbitration Award (Doc. #39) filed on October 10, 2012.

hearing was held on May 7 and 8, 2012 before arbitrator Leslie W. Langbein, Esq. (Arbitrator). (Doc. #39, p. 8.)  On July 13, 2012, the Arbitrator entered an Amended Opinion and Award denying plaintiff's claims.  (Id., pp. 8-41.)

Plaintiff contends that the Amended Opinion and Award should be vacated and/or modified on a number of grounds. (Docs. ## 45, 51.)  Defendant argues to the contrary.  (Doc. #46.)

**II.**

The FAA "imposes a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." Cat Charter, LLC v. Schurtenberger, 646 F.3d 836, 842 (11th Cir. 2011)(quoting Riccard v. Prudential Ins. Co. of Am., 307 F.3d 1277, 1288 (11th Cir. 2002))(internal quotation marks omitted).  "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision."  United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987).

"Sections 10 and 11 of the FAA, 9 U.S.C. §§ 10, 11, provide the exclusive means by which a federal court may upset an arbitration panel's award." White Springs Agric. Chems., Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1280 (11th Cir. 2011)(citing Hall St. Assocs., LLC v. Mattel, Inc., 552 U.S. 576, 586 (2008)).

Section 10 of the FAA provides for vacatur of an arbitration award in four scenarios:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party may have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made.

9 U.S.C. § 10(a).

Section 11 of the FAA provides that an arbitration award may be corrected or modified in three situations:

> (a) Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
>
> (b) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
>
> (c) Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.  "Still, this review is circumscribed, as arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party."  Cat Charter, LLC, 646 F.3d at 842-43 (citation and internal quotation marks omitted).

**III.**

Plaintiff contends that the Amended Opinion and Award should be modified and/or vacated on the following grounds: (1) the award was procured by fraud because defendant's counsel and the Arbitrator violated the Arbitrator's April 5, 2012 Order, (Doc. #45, pp. 4, 5, 7; Doc. #51, p. 1); (2) defendant's counsel did not bring copies of documents sent to him by plaintiff to the arbitration hearing, (Doc. #45, pp. 4, 5; Doc. #51, p. 2); (3) the Arbitrator only accepted exhibits approved by defense counsel and withheld and suppressed documents material to the case, (Doc. #45, p. 5); (4) plaintiff could not adequately prepare for questioning witnesses, was pressured to release witnesses, was not allowed to ask relevant questions, and was discouraged to ask further questions by the Arbitrator and defendant's counsel, (id., pp. 5-7); (5) the hearing ended prematurely, (Doc. #45, p. 5; Doc. #51, p. 2); (6) the Arbitrator and defendant's counsel improperly communicated before and after the arbitration hearing, during breaks, and during the hearing through eye contact, (Doc. #45, p. 5); (7) the Arbitrator did not require critical witnesses and the documents in defendant's possession to be produced, (id., pp. 5, 8); (8) the number of witnesses were reduced from 17 to 5 at the Arbitrator's insistence and the witnesses who were put on standby were not called, (id., p. 6); (9) plaintiff experienced emotional distress during the hearing because defendant's counsel accused

plaintiff of having arguments with her husband, (id., pp. 6, 7); (10) the award includes contradictions and ignores critical facts, (Doc. #45, p. 7; Doc. #51, pp. 2-6); (11) plaintiff was not provided a copy of Volume I of the transcript, (Doc. #45, p. 8); (12) the award is contrary to public policy, arbitrary, and capricious, (id., p. 9); (13) the Arbitrator failed to exercise honest judgment constituting a gross mistake, (id., p. 10); and (14) the Arbitrator refused to accept plaintiff's proof of damages, (Doc. #51, p. 2).

The Court will analyze plaintiff's arguments under each of the scenarios provided by Sections 10 and 11 of the FAA.

### A. 9 U.S.C. § 10(a)(1)

In order to establish that an award was "procured by corruption, fraud, or undue means" under 9 U.S.C. § 10(a)(1), "the movant must establish the fraud by clear and convincing evidence . . . the fraud must not have been discoverable upon the exercise of due diligence prior to or during the arbitration . . . [and] the person seeking to vacate the award must demonstrate that the fraud materially related to an issue in the arbitration." Bonar v. Dean Witter Reynolds, Inc., 835 F.2d 1378, 1383 (11th Cir. 1988)(citations omitted). Plaintiff's conclusory allegation that defendant's counsel and the Arbitrator violated the Arbitrator's

April 5, 2012 Order is not sufficient to establish fraud.[2] Similarly, plaintiff's other arguments do not establish that the award was "procured by corruption, fraud, or undue means."

**B.  9 U.S.C. § 10(a)(2)**

"'[A]n arbitration award may be vacated due to the 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to disclose, information which would lead a reasonable person to believe that a potential conflict exists.'" World Bus. Paradise, Inc. v. Suntrust Bank, 403 F. App'x 468, 470 (11th Cir. 2010) (quoting Univ. Commons-Urbana, Ltd. v. Universal Constructors, Inc., 304 F.3d 1331, 1339 (11th Cir. 2002)).  If an actual conflict does not exist, the movant must show that the partiality is "direct, definite and capable of demonstration rather than remote, uncertain and speculative."  Univ. Commons, 304 F.3d at 1339 (internal citations and quotations omitted).  Plaintiff does not allege that an actual conflict exists or that the Arbitrator displayed evident partiality.

**C.  9 U.S.C. § 10(a)(3)**

"[A] mere difference of opinion between the arbitrators and the moving party as to the correct resolution of a procedural

---

[2]The April 5, 2012 Order involved "the possession, use, disclosure and return of sensitive personal, or confidential personnel and business, information and records and the date for disclosure of late discovered witnesses." (Doc. #45, Vol. II, p. 42.2.)

problem will not support vacatur under section 10(a)(3)." <u>Perhach v. Option One Mortg. Corp.</u>, 382 F. App'x 897, 900 (11th Cir. 2010)(quoting <u>Scott v. Prudential Sec., Inc.</u>, 141 F.3d 1007, 1016 (11th Cir. 1998)). <u>See</u> <u>also</u> <u>United Paperworkers</u>, 484 U.S. at 40 (an arbitrator's decision will be a basis for vacatur under section 10(a)(3) only when such error was "in bad faith or so gross as to amount to affirmative misconduct"). "In making evidentiary determinations, arbitrators are not required to 'follow all the niceties observed by the federal courts,' but they must give the parties a fundamentally fair hearing." <u>Rosensweig v. Morgan Stanley & Co., Inc.</u>, 494 F.3d 1328, 1333 (11th Cir. 2007)(citation omitted). If the arbitrators do not explain why they reach a particular decision, the Court's inquiry is limited to whether "there was any reasonable basis for [the arbitrator's] decision." <u>Id.</u> "[V]ague, remote, and speculative charges . . . cannot support an order to vacate an arbitration award." <u>Scott</u>, 141 F.3d at 1015.

The Court has reviewed the arbitration record provided by plaintiff, including the transcript of the hearing, and each of plaintiff's claims of misconduct. There is no indication that plaintiff requested a postponement of the hearing or that the Arbitrator refused to hear evidence or permit plaintiff to call additional witnesses. Additionally, at the end of the hearing, the Arbitrator asked plaintiff multiple times whether she would call additional witnesses or produce additional evidence, to which

plaintiff responded no. (Doc. #45, Vol. II, pp. 396, 397, 402, 404, 422, 447, 449, 450, 452, 453, 454.) Plaintiff's remaining contentions are too vague, remote, and speculative to warrant a finding of unfair prejudice.

**D. 9 U.S.C. § 10(a)(4)**

"Section 10(a)(4) empowers a court to vacate an arbitration award if the arbitrators 'exceeded their powers,' but the provision applies narrowly and only if the arbitrators decide an issue not submitted by the parties or grant relief not authorized in the arbitration agreement." Morgan Stanley & Co., LLC v. Core Fund, 884 F. Supp. 2d 1229, 1231 (M.D. Fla. 2012)(citations omitted); see also Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 671 (2010)("It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable.") Plaintiff does not allege that the Arbitrator decided an issue not submitted by the parties or granted relief not authorized in the arbitration agreement.

Because plaintiff fails to demonstrate that any of the four scenarios provided in Section 10 of the FAA are present, the Court will deny plaintiff's motion to vacate the Amended Opinion and Award.

**E.  9 U.S.C. § 11**

Plaintiff does not assert that the Amended Opinion and Award includes "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property," that the Arbitrator "awarded upon a matter not submitted to [her]," or that "the award is imperfect in matter of form not affecting the merits of the controversy."  Therefore, plaintiff's motion to modify the Amended Opinion and Award will also be denied.

Accordingly, it is now

**ORDERED**:

1.  Plaintiff's Motion to Vacate and/or Modify Arbitration Award (Doc. #39) is **DENIED as moot.**

2.  Plaintiff's Amended Motion to Vacate and/or Modify Arbitration Award (Doc. #45) is **DENIED.**

3.  The Clerk shall enter judgment confirming the Amended Opinion and Award, terminate all deadlines, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this 25th day of September, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties